*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0434**

Joel Gary Borchardt, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed November 2, 2015
Reversed and remanded
Connolly, Judge**

Pine County District Court
File No. 58-CV-14-639

Adam W. Klotz, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, Peter D. Magnuson, Frederic J. Argir, Assistant
Attorneys General, St. Paul, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Connolly, Judge; and
Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CONNOLLY**, Judge

Appellant challenges the district court's order denying his motion to suppress the
results of his urine test and sustaining the revocation of his driver's license, arguing that

the district court clearly erred in finding that he voluntarily consented to a urine test. Because the district court committed an error of law by placing the burden of proof on appellant, we reverse and remand.

## FACTS

On October 11, 2013, Minnesota Department of Natural Resources (DNR) Conservation Officers Ter Meer and Hanzal initiated a traffic stop of a truck they believed was engaging in deer shining. The driver of the car was identified as appellant Joel Gary Borchardt. As Officer Ter Meer spoke with appellant, he noticed a strong odor of alcohol coming from the vehicle, that appellant's speech was slurred, and that his eyes were bloodshot and glazed. While the officers spoke with appellant and his companion, they observed two partially cased shotguns, several open containers of beer, and a cooler inside the car. Officer Ter Meer asked appellant to step out of the vehicle, performed a pat-down search, and conducted field sobriety tests. Appellant failed the tests, and a preliminary breath test indicated a 0.12 alcohol concentration.

Officers with the DNR only have the authority to invoke the implied-consent law when the suspected impaired driver has been operating a recreational vehicle. Because appellant was driving a truck, the officers could not invoke the implied-consent law and had to request the assistance of another law-enforcement officer. Pine County Deputy Sheriff Mark Anderson responded to Officer Ter Meer's request for assistance. He read appellant the implied-consent advisory and appellant agreed to provide a urine sample at the scene of the stop. Deputy Anderson then transported appellant and his companion back to appellant's cabin. Appellant's truck was left at the scene and appellant was

2

permitted to retrieve it at a later time.  Testing of the urine sample revealed an alcohol concentration of 0.13.  Respondent Commissioner of Public Safety later revoked appellant's driver's license.

Appellant was subsequently charged with one count of using artificial lights to locate animals and two counts of driving while intoxicated (DWI).  During the companion criminal case appellant challenged the admissibility of the results of the urine test.  On July 8, 2014, the district court held a Rasmussen hearing.  Appellant testified that before Deputy Anderson arrived and read the implied-consent advisory, Officer Ter Meer told him that if he agreed to provide a urine sample at the scene of the stop then he would not be transported to jail, his truck would not be confiscated, and the officers would transport him and his companion back to his cabin.  He further testified that these statements were a factor in his decision to submit to a urine test at the scene of the stop. He argued that the statements that he would not be taken to jail and his truck would not be confiscated if he agreed to provide a urine sample amounted to coercion and therefore his consent was not voluntary.  The district court agreed and suppressed the results of the urine test.  The district court also dismissed the DWI charge that was based on appellant driving with an alcohol concentration over the legal limit in violation of Minn. Stat. § 169A.20, subd. 1(5) (2012).

On November 17, 2014, appellant petitioned for judicial review of the license revocation.  On January 6, 2015, the district court held an implied-consent hearing. Appellant's sole argument in support of reversing the revocation was that his consent to the urine test was not voluntary.  Neither party proffered any live testimony.  Rather, the

3

parties stipulated that the record would consist of a packet containing the implied-consent advisory, peace officer's certificate, urine test results, and police reports; the findings of fact, conclusions of law, and order from the hearing in the criminal case; and the transcript of the hearing in the criminal case, which included the testimony of Officer Hanzal, Officer Ter Meer, Deputy Anderson, and appellant.

On January 14, 2015, the district court issued an order determining that appellant was not coerced into consenting to the urine test and sustaining the revocation of appellant's driver's license. This appeal follows.

## D E C I S I O N

The United States and Minnesota Constitutions prohibit unreasonable searches and seizures. U.S. Const. amend. IV; *see also* Minn. Const. art. I, § 10. A test of a person's urine constitutes a search for purposes of the Fourth Amendment. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 617, 109 S. Ct. 1402, 1413 (1989). A warrantless search is presumptively unreasonable unless an exception to the warrant requirement applies. *State v. Diede*, 795 N.W.2d 836, 846 (Minn. 2011). One exception to the warrant requirement is consent. *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014).

For a search to fall under the consent exception to the warrant requirement, the state must show by a preponderance of the evidence that the individual freely and voluntarily consented to the search. *Diede*, 795 N.W.2d at 846. The voluntariness of consent is determined by considering the totality of the circumstances. *Brooks*, 838 N.W.2d at 568. This includes the nature of the encounter, what was said and how it was

4

said, and the kind of person the defendant is. *Id.* at 569. The question of whether consent to a search was voluntary is a question of fact, which this court reviews for clear error. *Diede*, 795 N.W.2d at 846. Findings of fact are clearly erroneous if, based on the entire record, this court is "left with the definite and firm conviction that a mistake occurred." *State v. Andersen*, 784 N.W.2d 320, 334 (Minn. 2010).

Appellant argues that the district court erred by applying the wrong burden of proof. This court reviews the district court's determination of which party bears the burden of proof de novo. *C.O. v. Doe*, 757 N.W.2d 343, 352 (Minn. 2008). According to *Brooks*, "[f]or a search to fall under the consent exception, the State must show by a preponderance of the evidence that the defendant freely and voluntarily consented." 838 N.W.2d at 568. In this case, the district court's conclusions of law include the determination that "[appellant] has failed to prove by a preponderance of the evidence that the law enforcement coerced [appellant] in order to collect the incriminating evidence." Thus, we agree that the district court put the burden on appellant to prove his consent was not given freely and voluntarily, when based on *Brooks* the burden should be on the state to show that it was. Therefore, we conclude that the district court's finding that appellant voluntarily consented to the urine test was based on the erroneous application of the law, and reverse the district court's decision and remand for the district court to apply the correct burden of proof. *See Coker v. Jesson*, 831 N.W.2d 483, 492 (Minn. 2013) (reversing a decision based on the application of the wrong burden and remanding for the application of the correct burden).

**Reversed and remanded.**

5